HETRICK, APPELLANT, *v.* HETRICK, APPELLEE.

(No. 275—Decided December 5, 1954.)

Mr. *Howard C. Schwab,* for appellant.
Mr. *John L. Rheinheimer,* for appellee.

FESS, J. This cause is here on appeal on questions of law from a judgment of the Common Pleas Court, upon a petition of plaintiff for alimony alone, finding that the plaintiff is entitled to an order for permanent alimony and awarding her, by way of lump sum allowance, an undivided one-half interest of defendant in the residence of the parties.

Plaintiff, appellant herein, contends that the court erred in not fixing a reasonable sum of alimony, in that it failed to take into account the property of both parties, the earning capacity of both parties, and the value of the real and personal estate of each party at the time of the decree.

Plaintiff contends also that the award is insufficient and not supported by the weight of the evidence.

Upon appeal on questions of law from a judgment of the Common Pleas Court awarding alimony to a wife, where a divorce is granted because of the husband's aggression, the Court of Appeals may not ordinarily substitute its judgment as to what it deems reasonable as an allowance of alimony for the judgment of the Common Pleas Court. *Henry* v. *Henry*, 157 Ohio St., 319, 105 N. E. (2d), 406. By analogy, upon an appeal from a judgment upon a petition for alimony alone, the court likewise may not substitute its judgment for that of the Common Pleas Court as to the amount, but may reverse the judgment as to alimony only as manifestly against the weight of the evidence. Cf. *Henry* v. *Henry, supra.* Upon a review of the evidence in the instant case, we are unable to find the judgment manifestly against the weight of the evidence.

It may be contended that the judgment herein, awarding plaintiff the defendant's one-half interest in the residence as permanent alimony, should be construed as a final adjudication of the marital rights and liabilities of the parties. In such event, the judgment would be contrary to law.

Alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable. Section 3105. 18, Revised Code. At common law, as well as by statute (Section 3103.03, Revised Code), a husband must support his wife out of his property or by his labor.

Alimony is an allowance for support, which is made upon considerations of equity and public policy. As to the wife, it is based upon the obligation growing out of the marriage relation that the husband must support his wife, an obligation which continues even after a legal separation without her fault. *Fickel* v. *Granger*, 83 Ohio St., 101, 93 N. E., 527, 32 L. R. A. (N. S.), 270. But a basic difference exists between the allowance of alimony when a divorce is decreed and such an allowance in a proceeding for alimony alone.

In rendering a decree for divorce and alimony, the marriage relationship is terminated and the court fixes the amount and the mode of payment of any money or property allowance. And in a divorce proceeding in which the wife is in court asserting her rights and asking for affirmative relief, she is concluded by the decree in that proceeding. *Gilbert* v. *Gilbert*, 83 Ohio St., 265, 94 N. E., 421, 35 L. R. A. (N. S.), 521. Once the court has allowed the wife what it considers just and equitable alimony in gross, and a divorce is at the same time granted, she will be deemed to have been allowed her just and equitable portion of her husband's estate. The court may, however, in the exercise of a sound discretion, grant the divorce and make alimony allowed payable in installments, and by continuing the alimony branch of the case hold the parties and subject matter, by proper orders, so under its control as to increase or diminish the allowance as equitable circumstances and justice shall require. *Petersine* v. *Thomas*, 28 Ohio St., 596. In the absence of a reservation of jurisdiction, express or implied, the terms of a decree of divorce as to alimony are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by a party after the term at which the original decree was made. *Law* v. *Law*, 64 Ohio St., 369, 60 N. E., 560. Cf. *Newman* v. *Newman*, 161 Ohio St., 247, 118 N. E. (2d), 649.

On the other hand, in rendering a decree for alimony alone, the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled; and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such case is continually subject to modification.

*Gilbert* v. *Gilbert, supra.* It has been held that the court is not authorized to make an equitable division of the husband's property, but is confined by Section 11998, General Code, to making an award as alimony for the wife's maintenance and support during separation. *Durham* v. *Durham,* 104 Ohio St., 7, 135 N. E., 280. In the *Durham case,* the court said that unless there is an agreement sanctioned by a divorce, the court has no authority to cut off dower or deny the wife the rights in the husband's property accruing under the laws of inheritance; that though a legal separation has been adjudged, the marital relations still subsist.

Therefore, in a proceeding for alimony alone, the court is without power to finally determine the property rights of the parties, and an award of $360 in full of all alimony in full satisfaction of all property rights arising out of the marital reationship is erroneous. *Materazzo* v. *Materazzo,* 139 Ohio St., 36, 37 N. E. (2d), 967.

In enacting the 1951 Domestic Relations Code, Section 11998, General Code, construed in the *Durham case,* was repealed. That portion of the statute relating to support of children was re-enacted in Section 8003-22, General Code (Section 3105.21, Revised Code). Section 11991, General Code, and the parts of Section 11990 and Section 11998, relating to alimony, were combined in Section 8003-19, now Section 3105.18, Revised Code, reading as follows:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

Prior to 1951, Sections 11990 to 11994, General Code, dealt with alimony in divorce cases and Section 11998, General Code, dealt with alimony in proceedings for alimony alone. Section 3105.18, Revised Code, applies to alimony in both proceedings, but in our opinion the Legislature in enacting Section 8003-19,

General Code, and Section 3105.18, Revised Code, did not intend to overrule the basic distinction with respect to the award of alimony in divorce cases and proceedings for alimony alone.

It is therefore concluded that the distinction made between proceedings for divorce and alimony and alimony alone and the power of the court to award alimony in the cases referred to above prevail under Section 3105.18, Revised Code. The judgment should therefore be modified so as to provide that until further order of the court the plaintiff be allowed alimony in gross in the undivided one-half interest of defendant in the residence of the parties, jurisdiction of the cause being retained for modification of the judgment upon application therefor, supported by evidence of changed circumstances.

Judgment modified and, as modified, affirmed, and cause remanded to the Court of Common Pleas for further proceedings.

*Judgment accordingly.*

CONN and DEEDS, JJ., concur.